## SMALLS v. WELLS, FARGO & CO.

### (Circuit Court of Appeals, Second Circuit.  May 14, 1914.)

### No. 196.

NEGLIGENCE (§ 134*)—ACTION FOR PERSONAL INJURY—SUFFICIENCY OF EVIDENCE.

 Plaintiff, a boy 9 years old, was injured while riding on a freight elevator in defendant's building.  There was evidence tending to show that the elevator was constructed in the ordinary manner of such elevators, that defendant had frequently ordered the boys off the premises, that plaintiff knew he was not allowed on the elevator and endeavored to escape observation by hiding in a box thereon, and that his presence there was not known to the operator.  *Held*, that such evidence was sufficient to sustain a verdict for defendant.

 [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 267–270, 272, 273;  Dec. Dig. § 134.*]

In Error to the District Court of the United States for the Eastern District of New York.

On writ of error to the District Court of the United States for the Eastern District of New York to review a judgment for costs in favor of the defendant, entered upon the verdict of a jury which found the defendant free from negligence in causing the injuries received by the plaintiff while riding upon a freight elevator on the premises of the defendant.

Ellis L. Aldrich, of New York City, for plaintiff in error.

William W. Green and Clifton P. Williamson, both of New York City, for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge.  We are of the opinion that the verdict for the defendant was fully justified by the proof.  The plaintiff, at the time of the accident which resulted in the loss of his leg, was between nine and ten years of age.  He was injured while riding on a freight elevator, which was constructed in the ordinary manner, being a platform moving up and down in a shaft, having openings at the various floors, for the loading and discharge of freight.  The complaint proceeds upon the theory that the plaintiff was permitted and invited to ride upon the elevator by the defendant and that the agents of the latter failed to instruct him as to the dangers to be apprehended and the proper way to avoid them.  The proof shows, or at least the jury were warranted in finding, that the defendant had long been annoyed by the boys in the neighborhood playing upon its premises and had frequently ordered them out and driven them away.  The jury was also justified in finding that the plaintiff was on the elevator without the knowledge or consent of the defendant and that in order to hide his presence from the elevator operator he had concealed himself in a box three feet long, two feet wide and two feet high.  This is made plain by the following excerpt from the plaintiff's testimony:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"By the Court: I was wiggling around in that box before I fell out of it. The box was not rolling. And then I happened to get over on one side and lean down on it and it knocked it off. It did not catch on anything, and nobody else hit it. It just fell over because I climbed up on the edge.

"By the Foreman: Q. How did you come to get in the box? A. We were having some fun and we were running and hiding, and then he put off the other boys, and I climbed over in it.

"By the Court: Q. Did you get in the box to keep out of sight of the man on the elevator or were you in the box before he started to put the other boys off? A. Yes.

"Q. You were in the box before he came to the elevator? A. Yes, sir, I ran in the elevator first. The man was then coming on the elevator and I ran and jumped right over and got right in the box. He was coming from the platform; he didn't see me. I didn't see him until after he had put off the boys and then I peeked out. He wasn't on the elevator when I ran and got in the box. When he came and put the other boys off I peeped up when he had his back turned, putting them off. See?"

The proof justified the findings:

First: That the defendant had done all that was required to warn the boys in the vicinity to keep out of its warehouse.

Second: That the plaintiff knew he was on forbidden ground and endeavored to escape observation by hiding in the box.

Third: That the elevator operator did not know of the plaintiff's presence and could not, therefore, remove him from the elevator or warn him of danger.

Fourth: That the elevator was of the ordinary construction found in warehouses of this character and amply sufficient as a freight carrier and no fault can fairly be predicated of alleged defects in this regard.

In short, the proof shows so plain a case of trespass upon the defendant's premises that probably it would not have been error had the court directed a verdict. In leaving the case to the jury every right to which the plaintiff was entitled was accorded him and the verdict should not be disturbed.

The judgment is affirmed.